Michael R. Minkoff, Esq.
Bar No.: 084112013
BORRELLI & ASSOCIATES, P.L.L.C.
655 Third Avenue, Suite 1821
New York, New York 10017
Tel: (212) 679-5000
Fax: (212) 679-5005
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANEUDY COCCO,<br><br>                                    Plaintiff,<br><br>            v.<br><br>STRATAS FOODS LLC, d/b/a<br>ADMIRATION FOODS, and ROBINSON<br>PEREZ, individually,<br><br>                                    Defendants. | **Civil Action No.:**<br><br><br>**COMPLAINT**<br><br><br>**Jury Trial Demanded** |

ANEUDY COCCO ("Plaintiff"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against STRATAS FOODS LLC, d/b/a ADMIRATION FOODS ("Admiration"), and ROBINSON PEREZ, individually ("Perez"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1.       This is a civil action based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New Jersey Wage and Hour Law ("NJWHL"),

N.J.S.A., 34:11-56a4; (iii) the full payment provisions of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A., 34:11-4.2; and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a Delaware limited liability company engaged in the production and distribution of cooking products in New Jersey and its former plant supervisor - - as a non-exempt "supervisor," a managerial position in name only, and he brings this action for unpaid and untimely paid overtime wages.  Indeed, despite the clear non-exempt nature of his duties, for at least the six-year period pre-dating this action's commencement through September 2017, at which point Defendants changed their pay practices ("the Relevant Period"), Defendants intentionally misclassified Plaintiff as exempt, and as a result, willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA, the NJWHL, and the NJWPL. Specifically, throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did work, between forty-two and one-half and sixty-eight and one-half hours per week while paying him a flat weekly salary regardless of the number of hours that he worked in a week, and thus intentionally failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate of one and one-half times his regular rate of pay for each hour that Plaintiff worked in a week in excess of forty.

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey law.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

5.      During at least the Relevant Period, Plaintiff worked for Defendants in New Jersey and was an "employee" of Defendants within the meaning of the FLSA, the NJWHL, and the NJWPL.

6.      During at least the Relevant Period, Defendant Admiration was and is a Delaware limited liability company registered with and to do business in the State of New Jersey, which operates a production facility located at 80 South Dean Street, Englewood, New Jersey 07631 ("Englewood Facility").

7.      During at least the Relevant Period, Defendant Perez was the plant supervisor of the Englewood Facility who was Plaintiff's direct supervisor. In that role, Perez was responsible for overseeing the day-to-day operations of the Englewood Facility and managing its employees, including directly managing Plaintiff, with respect to all matters concerning employees' rates and methods of pay, hours worked, and work duties, as well as the hiring and firing of employees.

8.      During at least the Relevant Period, Defendants were "employers" within the meaning of the FLSA, the NJWHL, and the NJWPL. Additionally during that time, Defendant Admiration's qualifying annual business exceeded $500,000, and Admiration employed two or more employees and did business across state lines, as is evidenced by the fact that it is organized under the laws of Delaware and operates and does business in New Jersey, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## BACKGROUND FACTS

9.      Admiration is a producer and distributor of edible cooking oils, fats, and dressings, which owns and operates the Englewood Facility.

10.     During at least the Relevant Period, Defendant Perez was the plant supervisor of the Englewood Facility, who oversaw its day-to-day operations and who was ultimately responsible for all personnel decisions at the Englewood Facility on behalf of Admiration.

11.     Plaintiff was hired to work at the Englewood Facility as a packer in or around December 2010, and Plaintiff remained employed with Admiration until February 8, 2019.

12.     In the capacity of a packer, as its name suggests, Plaintiff was required to pack up and assemble products for their distribution.

13.     Plaintiff worked for Defendants in that role until in or around June 2013, when Admiration "promoted" Plaintiff to the role of "Supervisor." However, this promotion was one in name only, as Plaintiff's primary duty remained working on the product assembly lines with and performing the same tasks as the other packers who were not supervisors, and the same duties as he had before his "promotion." The only new duties Plaintiff was given were to occasionally train new employees, apportion the work among a small team of employees, and report the total amount of product this team produced to Defendant Perez at the end of each day. Indeed, Plaintiff had no authority to: interview or select employees; set or adjust their rates of pay and hours of work; handle employee complaints and grievances; discipline employees; plan the work; determine the techniques to be used to complete the work; determine the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; control the flow and distribution of materials or merchandise and supplies; provide for the safety and security of the

employees or the property; plan and control the budget; or monitor or implement legal compliance measures.

14.     From at least the start of the Relevant Period through December 2015, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, Monday to Friday from 7:00 a.m. until between 3:00 p.m. and 7:00 p.m. sometimes without an uninterrupted break and often with an uninterrupted thirty minute break, and Saturdays from 7:00 a.m. until 3:30 p.m. without break, for a total of approximately forty-six to sixty-eight and one-half hours per week.

15.     From in or around January 2016 until September 2017, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, Monday to Friday from 7:00 a.m. to between 3:00 p.m. and 7:00 p.m. sometimes without an uninterrupted break and often with an uninterrupted thirty minute break, and Saturdays from 7:00 a.m. to 12:00 p.m. without break, for a total of approximately forty-two and one-half to sixty-five hours per week.

16.     During the Relevant Period, in exchange for his work, Defendants paid Plaintiff a flat salary of $800.00 per week, regardless of the number of hours that he worked in a week, and which thus operated to cover only the first forty hours that Plaintiff worked in a week. Thus, during the Relevant Period, Defendants failed to compensate Plaintiff at any rate of pay, let alone at the rate of one and one-half times his regular rate of pay for any hours that he worked in a week in excess of forty.

17.     By way of example only, during the week of May 28 through June 3, 2017, Defendants required Plaintiff to work, and Plaintiff did work, Monday to Friday from 7:00 a.m. to 3:30 p.m., with a half-hour uninterrupted break during each shift, and Saturday from 7:00 a.m. to 12:00 p.m. without break, for a total of forty-five hours that week. In exchange for his work that

week, Defendants paid Plaintiff a flat weekly salary of $800.00, and did not pay him at any rate, let alone his overtime rate of pay for the five hours that he worked over forty.

18.      By way of another example, during the week of August 6 through August 12, 2017, Defendants required Plaintiff to work, and Plaintiff did work, Monday to Friday from 7:00 a.m. to 7:00 p.m., with a half-hour uninterrupted break during each shift, and Saturday from 7:00 a.m. to 12:00 p.m. without break, for a total of sixty-two and one-half hours that week.  In exchange for his work that week, Defendants paid Plaintiff a flat weekly salary of $800.00, and did not pay him at any rate, let alone his overtime rate of pay for the twenty-two and one-half hours that he worked over forty.

19.      Defendants paid Plaintiff his flat salary on a weekly basis.

20.      Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

21.      Each hour that Plaintiff worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

22.      Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23.      29 U.S.C § 207(a) requires employers to compensate their employees at a rate of not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

24.      As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

25.      As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate him in accordance with the FLSA's overtime provisions.

6

26.     Defendants willfully violated the FLSA.

27.     Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay.

28.     Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime in Violation of the NJWHL*

29.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30.     NJWHL § 34:11-56a4 requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

31.     As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff is an employee within the meaning of the NJWHL.

32.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate him in accordance with the NJWHL's overtime provisions.

33.     Plaintiff is entitled to overtime pay for all hours worked each week in excess of forty at the rate of one and one-half times his regular rate of pay.

34.     Plaintiff is also entitled to interest and attorneys' fees for Defendants' violations of the NJWHL's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Full Wages Owed in Violation of the NJWPL*

35.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36.    NJWPL § 34:11-4.2 requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular paydays that are designated in advance by the employer.

37.    As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiff is an employee within the meaning of the NJWPL.

38.    As also described above, Defendants failed to pay Plaintiff the full amount of wages due to him each pay period.

39.    Plaintiff is entitled to payment for all wages due to him that were not paid.

40.    Plaintiff is also entitled to interest and attorneys' fees for Defendants' violations of the NJWPL's full payment provisions.

## DEMAND FOR A JURY TRIAL

41.    Plaintiff demands a trial by jury on all claims asserted in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New Jersey state laws;

B.    An order restraining Defendants from any retaliation against Plaintiff for participating in this lawsuit in any form;

C.    All damages that Plaintiff has sustained as a result of Defendants' unlawful payment practices, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendants' unlawful payment practices;

D.      Any other statutory penalties as recoverable under the FLSA, the NJWHL, and the NJWPL;

E.      Granting an award of reasonable attorneys' fees, as well as all costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

F.      Granting an award of pre-judgment and post-judgment interest, as provided by law; and

G.      Granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        July 29, 2019

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679 - 5000
Fax. (212) 679 - 5005

By:     _____
        MICHAEL R. MINKOFF (MM 4787)